UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
ADRIAN BARRIE SMITH

      Plaintiff,

  – against –

HOWARD LUTNICK, ALLISON LUTNICK,
and ANDY WELLER,

      Defendants.

------------------------------------------------------------------------x

No. 13-cv-4212 (ALC) (GWG)

# MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE

FRIEDMAN KAPLAN SEILER &
 ADELMAN LLP
7 Times Square
New York, NY 10036-6516
(212) 833-1100

*Attorneys for Defendants*
*Howard Lutnick, Allison Lutnick and*
*Andy Weller*

November 12, 2013

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

BACKGROUND ...................................................................................................................... 2

ARGUMENT ............................................................................................................................ 5

    PLAINTIFF'S CLAIMS FAILS TO STATE A CLAIM FOR RELIEF
    WITHIN THIS COURT'S JURISDICTION AND SHOULD BE DISMISSED
    WITH PREJUDICE, AND PLAINTIFF SHOULD BE PREVENTED FROM
    FURTHER ABUSE OF THE JUDICIAL SYSTEM ......................................................... 5

    A.    Smith Fails to Allege Violations of Any Applicable Federal Laws. ....................... 6

    B.    Smith Lacks Standing to Pursue ADEA or ADA Claims. ...................................... 7

    C.    Smith Failed to Exhaust His Administrative Remedies. ......................................... 8

    D.    The ADEA and ADA Do Not Apply to M&S, the Butler Candidates'
        Prospective Employer. ............................................................................................. 9

        1.    M&S Did Not Employ Enough Individuals to be Covered
            Under the ADEA or ADA. ........................................................................... 9

        2.    M&S Did Not Satisfy the Interstate Commerce Requirement
            of the ADEA or ADA. ................................................................................ 10

    E.    The ADEA and ADA Do Not Impose Individual Liability ................................... 10

    F.    Smith Should be Barred from Filing Additional Suits Absent Leave of
        Court. ...................................................................................................................... 11

CONCLUSION ....................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)..................................................................................................................5

*Axelrad v. Carl Byoir & Assocs., Inc.*,
　No. 84 Civ. 8936, 1985 WL 9373 (S.D.N.Y. July 15, 1985) ....................................................7

*Bailey v. Synthes*,
　295 F. Supp. 2d 344 (S.D.N.Y. 2003).....................................................................................11

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)..................................................................................................................6

*Brodsky v. City Univ. of New York*,
　56 F.3d 8 (2d Cir. 1995)............................................................................................................8

*Dottolo v. Byrne Dairy, Inc.*,
　No. 08 Civ. 0390, 2010 WL 2560551 (N.D.N.Y. June 22, 2010) ............................................8

*Emanuel v. Griffin*,
　No. 13 Civ. 1806, 2013 WL 5477505 (S.D.N.Y. Oct. 2, 2013) ...............................................5

*Fisher v. Vassar Coll.*,
　70 F.3d 1420 (2d Cir. 1995)......................................................................................................6

*Guadagno v. Wallack Ader Levithan Assoc.*,
　932 F. Supp. 94 (S.D.N.Y. 1996)..........................................................................................5, 9

*Guerra v. Jones*,
　421 F. App'x 15 (2d Cir. 2011) ......................................................................................... 10-11

*Guilfuchi v. Casey*,
　No. 12 Civ. 4569, 2012 WL 6150879 (S.D.N.Y. Dec. 11, 2012) ..........................................10

*Holland v. City of New York*,
　No. 10 Civ. 2525, 2011 WL 6306727 (S.D.N.Y. Dec. 16, 2011)............................................8

*Kellett v. Glaxo Enters., Inc.*,
　No. 91 Civ. 6237, 1994 WL 669975 (S.D.N.Y. Nov. 30, 1994) ..............................................9

*Mangini v. Bellvue Maternity Hosp., Inc.*,
　No. 01 Civ. 1775, 2002 WL 31677043 (N.D.N.Y. Sept. 26, 2002) .......................................10

*Manigaulte v. C.W. Post of Long Island Univ.*,
　659 F. Supp. 2d 367 (E.D.N.Y. 2009) ......................................................................................8

Page(s)

*In re Martin-Trigona*,
   9 F.3d 226 (2d Cir. 1993) ....................................................................................................6, 11

*Morrison v. Nat'l Austl. Bank Ltd.*,
   547 F.3d 167 (2d Cir. 2008).....................................................................................................5

*Moss v. Stinnes Corp.*,
   No. 92 Civ. 3788, 1993 WL 33591 (S.D.N.Y. Jan. 29, 1993).................................................7

*Muller v. First Unum Life Ins. Co.*,
   23 F. Supp. 2d 231 (N.D.N.Y. 1998).......................................................................................8

*Pavel v. Plymouth Mgmt. Grp., Inc.*,
   198 F. App'x 38 (2d Cir. 2006) ...............................................................................................9

*Pinello v. 93 Worth LLC*,
   No. 13 Civ. 1420, 2013 WL 1807874 (S.D.N.Y. Apr. 30, 2013).............................................8

*Quitoriano v. Raff & Becker, LLP*,
   675 F. Supp. 2d 444 (S.D.N.Y. 2009)................................................................................ 9-10

*Shallow v. Scofield*,
   No. 11 Civ. 6028, 2012 WL 4327388 (S.D.N.Y. Sept. 21, 2012) .........................................11

*Tewksbury v. Ottaway Newspapers*,
   192 F.3d 322 (2d Cir. 1999)....................................................................................................8

*Weber v. George Cook, Ltd.*,
   563 F. Supp. 598 (S.D.N.Y. 1983)..........................................................................................9

*Woodward v. Office of Dist. Attorney*,
   689 F. Supp. 2d 655 (S.D.N.Y. 2010)............................................................................... 5-6, 7

*Wray v. Edward Blank Assocs., Inc.*,
   924 F. Supp. 498 (S.D.N.Y. 1996)........................................................................................11

**STATUTES**

29 U.S.C. § 626(d)(1)(B) .................................................................................................................8

29 U.S.C. § 630(b) .....................................................................................................................9, 10

29 U.S.C. § 630(g) .........................................................................................................................10

42 U.S.C. § 2000e(g) .....................................................................................................................10

42 U.S.C. § 2000e-2(a)(1)................................................................................................................6

42 U.S.C. § 2000e-5(e)(1)................................................................................................................8

**Page(s)**

42 U.S.C. § 12111(5) ..................................................................................................9, 10

42 U.S.C. § 12111(7) .......................................................................................................10

42 U.S.C. § 12117(a) .........................................................................................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4(m) ...........................................................................................................7

Fed. R. Civ. P. 12(b)(1).............................................................................................1, 5, 6

Fed. R. Civ. P. 12(b)(6).............................................................................................1, 5, 6

Defendants Howard Lutnick ("Mr. Lutnick"), Allison Lutnick (together, "the Lutnicks") and Andy Weller ("Weller" and collectively, "Defendants") respectfully submit this memorandum of law in support of their motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing, with prejudice, the complaint asserted by plaintiff Adrian Barrie Smith ("Smith") dated June 18, 2013 (the "Complaint") and precluding Smith (individually or through any entity he controls) from instituting any new federal action against Defendants or their agents or related entities absent your Honor's approval.

## PRELIMINARY STATEMENT

This lawsuit represents Smith's latest attempt to extract a settlement from Defendants for spurious claims stemming from the decision not to hire any of the candidates whom Smith suggested for a butler position with the Lutnicks in September 2011. Having failed to prevail in any of the several duplicative claims he brought against Mr. Lutnick and related individuals and entities in Small Claims Court, and having been barred from filing new Small Claims Court suits absent leave of court after flooding that system with vexatious litigation, Smith concocted specious federal claims against Defendants to continue his pattern of harassment in a new judicial forum. These claims fail for several independent reasons.

***First***, Smith has failed to allege violations of any applicable federal laws. However, even if the Court liberally interprets the Complaint to allege violations of the 1967 Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA") and the 1990 Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), Smith's claims must be rejected.

***Second***, Smith lacks standing to pursue ADEA or ADA claims because he does not allege that ***he*** was discriminated against based on his age in violation of the ADEA, or that

anyone (much less himself) was required to submit to a medical examination prohibited by the ADA.

*Third*, Smith has not filed claims regarding the purported ADEA and ADA violations with the EEOC or any equivalent state agency, and therefore has failed to satisfy the prerequisite of exhausting his administrative remedies.

*Fourth*, the ADEA and ADA do not apply to the prospective employer of the butler candidates because it did not employ enough individuals to be covered under the statutes. Likewise, it was not engaged in an industry affecting interstate commerce, as required to be subject to the ADEA and ADA.

*Fifth*, the individual defendants named by Smith are not proper defendants under the ADEA or the ADA.

Finally, Smith has already threatened to continue his pattern of multiplying his meritless claims against Defendants and related individuals and entities, apparently under the misguided belief that the more vexatious lawsuits to which they are subject, the more likely they are to accede to his baseless demands for payment. Defendants request that Smith be barred from filing any new federal lawsuits against them, their agents or their related entities (*i.e.*, Cantor Fitzgerald) absent your Honor's approval.

## **BACKGROUND**

Smith used to act as a placement agent for domestic staff, such as housekeepers and butlers. (*See* Mustes Decl. Ex. A, Compl. Attach. at 1). In his role as a placement agent, Smith was not compensated unless a candidate whom he had recommended was hired and remained in the position for an initial period. In the fall of 2011, Smith recommended candidates for a butler position with Maintenance and Staffing LLC ("M&S"), a company that employs household staff for the Lutnicks (including Weller, the chef of the house who also interviews

candidates for staff positions).  (*See id.*).  After several candidates Smith suggested for the position were not hired, Smith did not respond in a timely fashion to requests to organize interviews with additional candidates, and Weller informed Smith that he need not suggest any further candidates for the position.

Smith demanded that he be paid a fee as if he had placed a candidate, and began a campaign of blackmail, including through harassing phone calls and emails to persons associated with the Lutnicks.  (*See id.*, Compl. Attach. at 1-2).  In January 2012, Smith filed breach of contract actions against Mr. Lutnick and Cantor Fitzgerald, L.P. (a business entity chaired by Mr. Lutnick) in Small Claims Court.  (*Id.* Exs. B & C).  After a bench trial on April 26, 2012 Smith's claims were found to be "frivolous" and dismissed.  (*Id.* Ex. D).  Smith subsequently filed duplicative Small Claims Court actions against Weller, Mr. Lutnick's executive assistant at Cantor Fitzgerald and Mr. Lutnick himself (the latter through an LLC controlled by Smith).  (*Id.* Exs. E - G).  All of these claims were also dismissed.

Smith's propensity for filing frivolous Small Claims Court suits against a wide variety of defendants – exceeding *fifty* suits in 2011 and 2012 – resulted in his being barred from filing new suits in that forum absent court approval in December 2012.  (*See id.* Ex. H at 7 n.3).[1]  Smith then turned his attention to federal court.  In this action, Smith submitted a bare-bones form complaint, attaching a two page letter addressed to "Dear Federal Judge," on June 18, 2013.  (Mustes Decl. Ex. A).[2]  The Complaint alleges a claim for age discrimination against the butler

---

[1] These suits primarily sought payment after Smith purportedly identified candidates for domestic staff positions with notable individuals, such as Stephen Schwarzman, Alice Tisch, Ronald Perelman, Leonard Blavatnik and Susan Weber Soros.  *E.g.*, Case Nos. 2011-1480, 2011-3003, 2011-3004, and 2012-1423.

[2] At the parties' August 12, 2013 conference Smith handed Defendants' counsel an unfiled summons and complaint in an apparent attempt to amend the Complaint to include Cantor

candidates in violation of the 1964 Civil Rights Act, as well as a claim that a purported intention to require candidates to undergo an HIV test is "a federal crime written into law by Bill Clinton." (*Id.* Ex. A, Compl. at §§ II.B, IV. and Attach. at 1).  In response to Defendants' July 16, 2013 pre-motion conference letter (*id.* Ex. J), the Court held a conference with the parties on August 12, 2013.  Smith was afforded the opportunity to amend the Complaint in response to Defendants' contentions by October 11, 2013, but failed to do so.[3]

Smith has also instituted federal suits against at least three other sets of defendants against whom he had previously asserted claims in Small Claims Court (one of them on the same day as the instant suit).  *See Adrian Barrie Smith v. Jerry and Jessica Seinfeld*, No. 13 Civ. 4211; *Adrian Barrie Smith v. Noam Gottesman*, No. 13 Civ. 3491; and *Adrian Barrie Smith v. Andrew Ross Sorkin and New York Times*, No. 13 Civ. 5805.[4]  A motion to dismiss Smith's suit against the Seinfelds is pending (Docket, No. 13 Civ. 4211), Smith dismissed his suit against Gottesman (Docket, No. 13 Civ. 3491), and Smith's suit against Sorkin and the New York Times was dismissed for lack of jurisdiction, (Order, *Smith v. Sorkin*, No. 13 Civ. 5805 (Oct. 17, 2013)).

Smith has not only doggedly pursued meritless litigation against his former clients, but also pled guilty to harassing one and was convicted of harassing and stalking another following a jury trial.  (Mustes Decl. Exs. K & L).  Recently, Smith was again arrested and

---

Fitzgerald as a defendant.  (*Id.* Ex. I).  However, he never filed or served such papers.  Even if Cantor Fitzgerald were a defendant, it plainly bears no liability under the ADEA or ADA, since the allegation that employment interviews for positions with M&S took place on its premises does not qualify it as an "employer" under the pertinent statutes.

[3] In early October Smith emailed Defendants' counsel suggesting that he would dismiss the instant proceeding, but to date has failed to do so.

[4] The last lawsuit relates to a June 2013 *New York Times* article regarding Smith.  Andrew Ross Sorkin, *Headhunter for the Rich Turns On Them*, N.Y. TIMES, June 18, 2013, at B1, *available at* http://dealbook.nytimes.com/2013/06/17/headhunter-for-the-rich-turns-on-them/.

4

charged with Aggravated Harassment in the Second Degree and Stalking in the Fourth Degree. (*Id.* Ex. M).  This time, his target was allegedly the proprietor of a placement agency for domestic staff.  (*See id.*). These charges are currently pending.

## ARGUMENT

### PLAINTIFF'S CLAIMS FAILS TO STATE A CLAIM FOR RELIEF WITHIN THIS COURT'S JURISDICTION AND SHOULD BE DISMISSED WITH PREJUDICE, AND PLAINTIFF SHOULD BE PREVENTED FROM FURTHER ABUSE OF THE JUDICIAL SYSTEM

Where the court lacks the statutory power to adjudicate a claim it is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).  *Emanuel v. Griffin*, No. 13 Civ. 1806, 2013 WL 5477505, at *3 (S.D.N.Y. Oct. 2, 2013).  On a motion to dismiss pursuant to Rule 12(b)(1) "'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'"  *Id.* (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).  A court may consider affidavits and other extrinsic evidence germane to whether the plaintiff has sustained his burden of proving subject matter jurisdiction by a preponderance of the evidence.  *Id.*; *Guadagno v. Wallack Ader Levithan Assoc.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotation marks omitted).  "[E]ven *pro se* plaintiffs asserting civil rights claims are not exempt from Twombly's threshold that the pleadings must contain factual

5

allegations sufficient to raise a 'right to relief above the speculative level.'" *Woodward v. Office of Dist. Attorney*, 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In response to the "tendency of some individuals to abuse the litigation process . . . courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities." *In re Martin-Trigona*, 9 F.3d 226, 227-28 (2d Cir. 1993). These procedures include requiring litigants to obtain leave of court prior to making certain filings. *See id.* at 228.

As demonstrated below, the Complaint does not come close to meeting the requirements of Rules 12(b)(1) and 12(b)(6). Moreover, Smith should be required to seek your Honor's approval before filing additional federal suits against Defendants or their agents or associated entities.

### A.   Smith Fails to Allege Violations of Any Applicable Federal Laws

Smith alleges that in September 2011 Defendants discriminated against six candidates for a butler position based on their age, in violation of the 1964 Civil Rights Act. (Mustes Decl. Ex. A, Compl. at § II.B and Attach. at 1). However, the 1964 Civil Rights Act does not apply to allegations of age-based employment discrimination. 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin").[5] Smith also alleges that Defendants intended to require the butler candidates to undergo HIV testing, which he describes only as a violation of "a federal crime written into law by Bill

---

[5] Smith alleges that the butler candidates were asked about their marital status (Mustes Decl. Ex. A, Compl. Attach. at 1), but such an inquiry by a private employer is not prohibited under federal law. *See Fisher v. Vassar Coll.*, 70 F.3d 1420, 1447 (2d Cir. 1995).

6

Clinton."  (Mustes Decl. Ex. A, Compl. at §§ II.B and IV.; *see also id.*, Attach. at 1).

Smith's failure to identify any federal law governing the misconduct he alleges is a sufficient ground to warrant dismissal of his claims.[6]  However, even if the Court liberally interprets Smith's *pro se* pleading to allege violations of the 1967 Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA")  and the 1990 Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA") these claims are improperly pled for several independent reasons discussed below.

        **B.**        **Smith Lacks Standing to Pursue ADEA or ADA Claims**

First, Smith's ADEA and ADA claims are fatally flawed because he lacks standing to pursue them.  Smith does not allege that ***he*** suffered employment discrimination due to his age, and therefore he cannot bring an ADEA claim.  *See, e.g.*, *Moss v. Stinnes Corp.*, No. 92 Civ. 3788, 1993 WL 33591, at *1 (S.D.N.Y. Jan. 29, 1993) (dismissing *pro se* ADEA claim alleging discrimination against plaintiff's wife; "To state a claim under ADEA, a plaintiff must allege an employer-employee relationship between the plaintiff and defendant."); *Axelrad v. Carl Byoir & Assocs., Inc.*, No. 84 Civ. 8936, 1985 WL 9373, at *4 n.7 (S.D.N.Y. July 15, 1985) (plaintiff's allegation that defendant fired ten employees protected by the ADEA "may raise an actionable claim for the ten fired employees" but the court did not see how "based on these acts, plaintiff has standing to assert a claim of his own.").

The Complaint also does not allege that any prospective employees were administered HIV tests, much less that ***Smith*** was required to take one.  Therefore, he lacks

---

[6] Andy Weller (who is listed as "Defendant No. 3" but not included in the caption of the Complaint) was never served with a summons and the Complaint.  Since more than 120 days have passed since Smith filed the Complaint, Smith's claims against Weller are also subject to dismissal under Rule 4(m).  *See Woodward*, 689 F. Supp. 2d at 659-60.

standing under the ADA.  *See, e.g.*, *Dottolo v. Byrne Dairy, Inc.*, No. 08 Civ. 0390, 2010 WL 2560551, at *8 (N.D.N.Y. June 22, 2010) (dismissing ADA claim for lack of standing where "[c]onspicuously absent from Plaintiff's Complaint is any factual allegation plausibly suggesting that Plaintiff[] was ever asked by Defendant . . . to submit to a medical examination."); *see also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 374 (E.D.N.Y. 2009) (professor had no standing to bring ADA claim premised on discrimination against his learning-disabled students); *Muller v. First Unum Life Ins. Co.*, 23 F. Supp. 2d 231, 235 (N.D.N.Y. 1998) (plaintiff's wife lacked standing to sue under ADA for alleged discrimination against husband).

  **C.**  **Smith Failed to Exhaust His Administrative Remedies**

  Second, Smith is barred from bringing his ADEA and ADA claims because he has failed to exhaust his administrative remedies.  "It is axiomatic that a plaintiff pursuing an employment discrimination claim under the ADEA, [or] the ADA . . . [must] first exhaust his administrative remedies by presenting those claims to the Equal Employment Opportunity Commission ("EEOC") or equivalent state agency, and by pursuing those claims to completion." *Pinello v. 93 Worth LLC*, No. 13 Civ. 1420, 2013 WL 1807874, at *3 (S.D.N.Y. Apr. 30, 2013). Smith has not alleged that he has done so, and thus his Complaint must be dismissed.  *Holland v. City of New York*, No. 10 Civ. 2525, 2011 WL 6306727, at *4-5 (S.D.N.Y. Dec. 16, 2011) (dismissing *pro se* plaintiff's ADEA and ADA claims for failure to file charges with the EEOC or related state agency).[7]

---

[7] Any EEOC claim regarding events in September 2011 is now time-barred. 42 U.S.C. § 12117(a), 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B); *Brodsky v. City Univ. of New York*, 56 F.3d 8, 9 (2d Cir. 1995) (300 day deadline for making ADEA claim to EEOC); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999) (180 day deadline for making ADA claim to EEOC, unless claim initially filed with NYSDHR, in which case 300 day deadline for filing with EEOC applies).

### D. The ADEA and ADA Do Not Apply to M&S, the Butler Candidates' Prospective Employer

#### 1. M&S Did Not Employ Enough Individuals to be Covered Under the ADEA or ADA

Third, Smith's ADEA and ADA claims must be dismissed because Smith did not allege that M&S, the entity which would have employed the butler candidates, had sufficient employees to be covered by these statutes.[8] The ADEA applies to employers with "'twenty or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year' preceding the date of the alleged unlawful discrimination." *Guadagno*, 932 F. Supp. at 95 (quoting 29 U.S.C. § 630(b)). This requirement is a jurisdictional prerequisite. *Id.* at 96; *Kellett v. Glaxo Enters., Inc.*, No. 91 Civ. 6237, 1994 WL 669975, at *6 (S.D.N.Y. Nov. 30, 1994) (defendant's number of employees "insufficient to meet the jurisdictional predicate[ ] for ADEA . . . actions"); *Weber v. George Cook, Ltd.*, 563 F. Supp. 598, 602 (S.D.N.Y. 1983) (dismissing ADEA complaint "for want of subject matter jurisdiction" where defendant employed no more than nineteen employees during relevant period). Likewise, "[t]o be subject to the terms of the ADA, the defendant must . . . [have] fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.'" *Pavel v. Plymouth Mgmt. Grp., Inc.*, 198 F. App'x 38, 40-41 (2d Cir. 2006) (quoting 42 U.S.C. § 12111(5)).

A complaint that fails to allege the employer satisfies this threshold requirement is subject to dismissal. *See Quitoriano v. Raff & Becker, LLP*, 675 F. Supp. 2d 444, 453-54 (S.D.N.Y. 2009) (granting motion to dismiss with prejudice *pro se* complaint that did not allege

---

[8] Smith only named individual defendants, who are not subject to ADEA or ADA liability, as discussed below. However, as shown herein, Smith cannot state an ADEA or ADA claim against M&S, the entity which would have employed the butler candidates.

defendant employed fifteen or more employees in ADEA and analogous Title VII context); *Guilfuchi v. Casey*, No. 12 Civ. 4569, 2012 WL 6150879, at *1 (S.D.N.Y. Dec. 11, 2012) (granting motion to dismiss *pro se* claim in analogous Title VII context because "where the Complaint makes no assertion as to the number of individuals employed by the defendant, the defendant has represented that he falls outside of the statutory definition, and the plaintiff has made no effort to rebut that representation, dismissal may be ordered"). M&S did not employ fifteen employees during any twenty calendar weeks in 2010, 2011 or 2012, and Smith did not allege any facts to the contrary.[9] Therefore, Smith's ADEA and ADA claims must be dismissed.

### 2. M&S Did Not Satisfy the Interstate Commerce Requirement of the ADEA or ADA

Moreover, the ADEA and ADA only apply to employers "engaged in an industry affecting commerce," with commerce referring to interstate commerce. 29 U.S.C. §§ 630(b), (g); 42 U.S.C. § 2000e(g); 42 U.S.C. §§ 12111(5)(A), (7). M&S, which solely employed domestic staff within New York, did not meet this requirement and therefore the Court has no subject matter jurisdiction over ADEA or ADA claims against it. *See Mangini v. Bellvue Maternity Hosp., Inc.*, No. 01 Civ. 1775, 2002 WL 31677043, at *2-3 (N.D.N.Y. Sept. 26, 2002) (dismissing Title VII claim with same "industry affecting commerce" requirement for lack of subject matter jurisdiction because "small, intrastate, not-for-profit" hospital with "some contacts with interstate commerce" did not satisfy requirement).

### E. The ADEA and ADA Do Not Impose Individual Liability

Finally, Smith's claims against the individual defendants must be dismissed, since neither the ADEA nor the ADA imposes individual liability. *See, e.g., Guerra v. Jones*, 421 F.

---

[9] If requested by the Court, Defendants will submit an affidavit attesting to the fact that M&S did not employ the requisite number of individuals during the pertinent periods to be subject to the ADEA or ADA.

App'x 15, 17 (2d Cir. 2011) (affirming dismissal of *pro se* ADEA claim against individuals since the ADEA does not subject individuals "even those with supervisory liability over the plaintiff, to personal liability"); *Shallow v. Scofield*, No. 11 Civ. 6028, 2012 WL 4327388, at *5 n.3 (S.D.N.Y. Sept. 21, 2012) (*pro se* plaintiff's ADA claim against individual defendants invalid as matter of law since ADA does not impose liability on individuals); *Bailey v. Synthes*, 295 F. Supp. 2d 344, 354 (S.D.N.Y. 2003) (dismissing ADEA claims against individual defendants since they are "not 'employers' amenable to suit under . . . the ADEA"); *Wray v. Edward Blank Assocs., Inc.*, 924 F. Supp. 498, 503 (S.D.N.Y. 1996) (holding that "individuals in their individual capacity may not be liable under the ADEA").[10]

### F.  Smith Should be Barred from Filing Additional Suits Absent Leave of Court

Smith has already threatened to bring duplicative claims against Cantor Fitzgerald based on the same meritless allegations set forth in the Complaint. Given Smith's history of filing repetitious and vexatious lawsuits against Defendants (and other victims) discussed above, Smith should be precluded from filing any additional federal lawsuits against Defendants or their agents or associated entities (personally, or through any entity that he controls) absent your Honor's approval. *See In re Martin-Trigon*a, 9 F.3d 226 (2d Cir. 1993).

---

[10] Smith does not assert claims against the individuals in their representative or official capacities, and not all Defendants have such roles with M&S.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that Plaintiff's claims be dismissed with prejudice, that Plaintiff be barred from instituting any federal action against Defendants or their agents or associated entities (individually or through any entities he controls) and that the Court award Defendants any other relief it considers to be just and proper.

Dated:  New York, New York
        November 12, 2013

                          FRIEDMAN KAPLAN SEILER &
                          ADELMAN LLP

                          _____
                          Jennifer A. Mustes (jmustes@fklaw.com)
                          7 Times Square
                          New York, New York 10036
                          (212) 833-1100

                          *Attorney for Defendants*
                              *Howard Lutnick, Allison Lutnick and*
                              *Andy Weller*