# EXHIBIT H

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: SMALL CLAIMS
------------------------------------x
ADRIAN B. SMITH,

                Claimant,

    -against-

JERRY SEINFELD,

                Defendant.
------------------------------------

UK NANNY LLC,

                Claimant,

    -against-

JERRY SEINFELD,

                Defendant.
------------------------------------x

DECISION AND ORDER
SMALL CLAIMS

Index No.
SCNY:1841/2012

Index No.
SCNY:30268/2012

Papers considered
(1) Notice of Motion,
Aff in Support
(2) Opposition
(Letters/Affs)

CIVIL COURT OF THE CITY OF NEW YORK
JUN 3 2013
ENTERED
NEW YORK COUNTY

JENNIFER G. SCHECTER, J.:

Defendant Jerry Seinfeld moves for summary-judgment dismissal of the cases commenced by claimants Adrian B. Smith and UK Nanny LLC.

In March 2012, Mr. Smith emailed Hal Petri, who is employed by an entity affiliated with defendant:

> "Nice chatting. By all means let me know if you need any Domestic Staff, House Managers/Butlers, Housemen, Secretaries, Housekeepers, Nannies, Cooks, Drivers,,,,, etc Basically anything and everything, including Couples and staff for the Hamptons. I'm a small operation Midtown West, and charge a flat 10% rather than the usual 18% or 15% fees. Often I have the same resumes/applicants as the higher priced Agencies. I also give a full one year in replacement. Look forward to hearing from you when the need arises. At present there are so many wonderful staff available. High unemployment. Few Openings" (Petri Affidavit ["Petri Aff"], Ex B).

In June 2012, Mr. Petri interviewed candidates that Mr. Smith referred. It is undisputed that none were hired.

In an email sent at 11:53 a.m. on June 20, 2012, Mr. Petri thanked Mr. Smith and informed him that "the positions have been filled" (Petri Aff, Ex B).

According to Mr. Smith, at approximately 2:15 p.m. on that same day, in a telephone conversation, Mr. Petri told him, among other things, that one candidate that was interviewed "was too old," a second was younger and "might work out" and a third was "a little fat" (August 23, 2012 Smith Affidavit ["Aug Aff"], at 1).[1]

Mr. Smith emailed Mr. Petri later in the day (at 5:35 in the afternoon) that he would "have" to send a bill for his work in finding suitable help. Mr. Smith stated that he was "looking at over 34 hours over 4 weeks, at $150 per hour = $5,100 . . . but call it $5,000, and this will be used as FULL CREDIT . . . so if you hire the Hamptons lady, or someone else, then I'll apply the amount as credit. I think that is very fair and businesslike Hal. . . . Again you will then have a $5,000 credit to be used for a full year from this date. Don't worry, you will use it. Trust me" (Petri Aff, Ex B).

---

[1] Mr. Petri denies making statements attributed to him (Petri Aff, at ¶ 11). Solely for purposes of this motion, however, the Court will accept claimants' allegations as true.

Mr. Petri replied that he had never "been given such a bill without a contract in place, but under the circumstances" agreed to forward an invoice to the billing department. He further requested that Mr. Smith not reach out to him in the future (*id.*).

Mr. Smith responded that he was "really offended" by some of the things that Mr. Petri wrote and reiterated that he would offer a "full credit of 5K" off the bill, if one of his candidates was hired (*id.*).

The following day, on June 21, 2012, he emailed Mr. Petri:

"Fine . . . this is your attitude. Not one reply.

"Send me the check, as promised, and we are so done. Finished.

"Or don't bother, and I'll take it to Small Claims, and you can call me a thief and con-artist to the Judge, and I'll tell my side of events.

"The Judge will decide. No problem. Your choice. . . . An honorable guy would have apologized" (Petri Aff, Ex B).

Nowhere in Mr. Smith's emails is there any mention or reference to improper behavior or discrimination by defendant or Mr. Petri. In fact, Mr. Smith offered to continue working with Mr. Petri and repeatedly mentioned that the $5,000 paid could be used as a full credit "for a full year" and that if

someone else was hired, Mr. Smith would apply the amount to anything owed.

Mr. Petri had a $5,000 check sent to Mr. Smith, as promised, and it is undisputed that Mr. Smith accepted the funds.

Subsequently, Mr. Smith and UK Nanny LLC commenced these small-claims actions against defendant. Claimants seek to recover $5,000 each. Mr. Smith seeks recovery for "breach of agreement" and UK Nanny LLC for "discrimination against employee. Told she was too fat, and ugly! Loss of income" (Statements of Claim).

Defendant moves for summary judgment, urging that there was no breach of any agreement because defendant never hired any candidates referred by claimants. Defendant also urges that UK Nanny LLC failed to establish any legal violation.

In opposition, Mr. Smith relies on an August 2012 affidavit, in which he swears, among other things, that Mr. Petri told him that one candidate he interviewed "was too old" a second was younger and "might work out" and a third was "a little fat" (Aug Aff, at 1). According to Mr. Smith, defendant is liable because Mr. Petri is "the manager for all hiring" (id., at 2).

Defendant's motion for summary judgment is granted.

At the outset, Mr. Smith acknowledged in Court that he has no license pursuant to General Business Law § 172 (see *Smith v Blavatnik*, 39 Misc 3d 424 [Civ Ct, New York County 2011]) and he did not establish that he is exempt from the statute.

Additionally, in response to defendant's showing, Mr. Smith failed to establish how defendant breached any agreement. He does not set forth any agreement terms or noncompliance. Indeed, the only agreement that appears to have been breached was Mr. Smith's promise that upon issuance of a check the parties would be "so done . . . finished." (Petri Aff, Ex B).

Mr. Smith also failed to show that defendant violated any laws. Beyond simply declaring "AGE DISCRIMINATION . . . is a Federal Crime" and that this is, in his opinion, "a clear case of employment discrimination in NY State, and a low moral standard of behaviour" (May 14, 2013 Smith Affidavit ["May Aff"], at 2; Aug Aff, at 1), Mr. Smith fails to cite any provision of the actual law that was allegedly violated by the defendant nor does he show how defendant violated any particular provisions. The unrefuted evidence, moreover, establishes that Mr. Smith was more than willing to continue working with Mr. Petri after he knew about the alleged conduct that, in his opinion, was illegal, immoral, "totally

repulsive" and shocking (May Aff, at 1; *see also Smith v Blavatnik*, 39 Misc 3d 424 [Civ Ct, New York County 2011] ["If anyone was engaging in unlawful discrimination, it was Mr. Smith"]).

In conclusion, in response to defendant's showing, the unlicensed claimants failed to establish that defendant is not entitled to judgment. In fact, it is clear that by bringing these suits, like so many others before,[2] Mr. Smith has engaged in frivolous conduct (*see* 22 NYCRR 130-1.1[c] [defining conduct as frivolous if it is "completely without merit in law" or undertaken "to harass or maliciously injure another"]). Unfortunately, this Court cannot impose financial sanctions here because the cases were commenced in small claims court (*see* 22 NYCRR 130-1.1[a] [sanctions provision

---

[2] For example, *Smith v Blavatnik*, 39 Misc 3d 424 (Civ Ct, New York County 2011) (judgment in favor of defendant after trial); *Adrian Barrie Smith v Marjorie Harris* (Index No. SCNY 1361/2012)(dismissed); *Adrian Barrie Smith v Appollo Global Management, LLC* (Index No. SCNY 1842/2012) (dismissed); *Adrian Barrie Smith v Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, (Index No. SCNY 1864/2012)(dismissed); *UK Nanny, LLC v Marjorie Harris*, (Index No. SCNY 30269/2012) (dismissed); and *UK Nanny, LLC v Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, (Index No. SCNY 30272/2012) (dismissed).

does not apply in small-claims part]). If the cases were brought in any other forum, sanctions would be warranted.[3]

Claimants' request to have this case transferred, withdrawn or discontinued without prejudice is denied.

Accordingly, it is ORDERED that defendant's motion for summary judgment is granted and these actions are dismissed with prejudice.

This constitutes the Decision and Order of the Court.

Dated: May 31, 2013

HON. JENNIFER G. SCHECTER

---

[3] Directives now require that Mr. Smith and UK Nanny LLC obtain leave before prosecuting any further small claims to avoid the possibility of use of the court "for the purpose of harassment" (see CCA 1810, 1810-a).