# EXHIBIT J

# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
RICHARD M. HOFFMAN
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE

NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100

FACSIMILE (212) 833-1250

WWW.FKLAW.COM

WRITER'S DIRECT DIAL
(212) 833-1199

WRITER'S DIRECT FAX
(212) 373-7999

E-MAIL
JMUSTES@FKLAW.COM

NORMAN ALPERT
ANDREW A. QUARTNER
ASAF REINDEL
COUNSEL

ROBERT S. LANDY
STEVEN E. FRANKEL
L. REID SKIBELL
DANIEL R. GREENBERG
SHEELA V. PAI
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
CARI FAIS
EMILY L. CHANG
PEARLINE M. KYI
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH S. LOSEY
KFIR ABUTBUL
SARAH F. FOLEY
NORA BOJAR

July 16, 2013

BY EMAIL

Honorable Andrew L. Carter, Jr.
United States District Judge
40 Foley Square
New York, New York 10007

   Re: <u>Smith v. Lutnick</u>, No. 13-CV-4212 (ALC)

Dear Judge Carter:

   We represent Defendants Howard Lutnick, Allison Lutnick, and Andy Weller in the above-captioned matter and respectfully submit this letter pursuant to Rule 2.A of your Honor's Individual Rules requesting a pre-motion conference regarding Defendants' anticipated motion to dismiss all claims against them with prejudice and request for an order precluding Plaintiff Adrian Barrie Smith ("Smith") from filing an amended complaint or instituting any new federal action against Defendants or their agents absent your Honor's approval.[1]

   Smith alleges that in September 2011 Defendants discriminated against six candidates for a butler position based on their age, in violation of the 1964 Civil Rights Act. As an initial matter, the 1964 Civil Rights Act does not apply to allegations of age-based employment discrimination.[2] However, if the Court liberally interprets Smith's *pro se* pleading to allege a violation of the 1967 Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

---

[1] Defendants will also seek to stay discovery pending resolution of their dismissal motion pursuant to FRCP 26(c). *See Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437, 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009).

[2] 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin").

(the "ADEA"), Smith's claim fails for several reasons discussed below.[3] Smith also alleges that Defendants intended to require the butler candidates to undergo HIV testing, in violation of an unidentified federal law. Should the Court liberally construe Smith's complaint to assert a violation of the 1990 Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), that claim is also improperly pled.

Smith's ADEA and ADA claims are fatally flawed because he lacks standing to pursue them. Smith does not allege that he suffered employment discrimination due to his age, and therefore he cannot bring an ADEA claim. *See, e.g., Moss v. Stinnes Corp.*, No. 92 Civ. 3788, 1993 WL 33591, at *1 (S.D.N.Y. Jan. 29, 1993) (dismissing *pro se* ADEA claim alleging discrimination against plaintiff's wife; "To state a claim under ADEA, a plaintiff must allege an employer-employee relationship between the plaintiff and defendant."). Smith's complaint also does not allege that *any* prospective employees were administered HIV tests, much less that he was required to take one. Therefore, he lacks standing under the ADA. *See, e.g., Dottolo v. Byrne Dairy, Inc.*, No. 08 Civ. 0390, 2010 WL 2560551, at *8 (N.D.N.Y. June 22, 2010) (dismissing ADA claim for lack of standing where "[c]onspicuously absent from Plaintiff's Complaint is any factual allegation plausibly suggesting that Plaintiff[] was ever asked by Defendant . . . to submit to a medical examination.").

Moreover, Smith is barred from bringing his ADEA and ADA claims because he has failed to exhaust his administrative remedies. "It is axiomatic that a plaintiff pursuing an employment discrimination claim under the ADEA, [or] the ADA . . . [must] first exhaust his administrative remedies by presenting those claims to the Equal Employment Opportunity Commission ("EEOC") or equivalent state agency, and by pursuing those claims to completion." *Pinello v. 93 Worth LLC*, No. 13 Civ. 1420, 2013 WL 1807874, at *3 (S.D.N.Y. Apr. 30, 2013). Smith has not alleged that he has done so, and thus his complaint must be dismissed. *Holland v. City of New York*, No. 10 Civ. 2525, 2011 WL 6306727, at *4-5 (S.D.N.Y. Dec. 16, 2011) (dismissing *pro se* plaintiff's ADEA and ADA claims for failure to file charges with the EEOC or related state agency).[4]

Smith's ADEA and ADA claims also must be dismissed because Smith did not allege that Maintenance and Staffing LLC ("M&S"), the entity which would have employed the butler candidates, had sufficient employees to be covered by these statutes.[5] The ADEA applies to employers with "'twenty or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year' preceding the date of the alleged

---

[3] Smith alleges the butler candidates were also "illegal[ly]"asked about their marital status, but such an inquiry by a private employer is not prohibited under federal law. *See Fisher v. Vassar Coll.*, 70 F.3d 1420, 1447 (2d Cir. 1995).
[4] Any EEOC claim regarding events in September 2011 is now time-barred. 42 U.S.C. § 12117(a), 42 U.S.C. § 2000e-5(e)(1) (180 day deadline for making ADA claim to EEOC); 29 U.S.C. § 626(d)(1)(B); *Brodsky v. City Univ. of New York*, 56 F.3d 8, 9 (2d Cir. 1995) (300 day deadline for making ADEA claim to EEOC).
[5] Smith only named individual defendants, who are not subject to ADEA or ADA liability, as discussed below. However, as shown herein, Smith cannot state an ADEA or ADA claim against M&S, the entity which would have employed the butler candidates. Smith also cursorily alleges that Cantor Fitzgerald is "libel" [sic] because employment interviews purportedly took place at the company's offices. But plainly that does not qualify Cantor Fitzgerald as an employer under the ADEA or ADA, and Smith has not named it as a defendant in this action.

unlawful discrimination." *Guadagno v. Wallack Ader Levithan Assoc.*, 932 F. Supp. 94, 95-96 (S.D.N.Y. 1996) (quoting 29 U.S.C. § 630(b)) (employee count is jurisdictional requirement). Likewise, "[t]o be subject to the terms of the ADA, the defendant must . . . [have] fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.'" *Pavel v. Plymouth Mgmt. Grp., Inc.*, 198 F. App'x 38, 40-41 (2d Cir. 2006) (quoting 42 U.S.C. § 12111(5)). A complaint that fails to allege the employer satisfies this threshold is subject to dismissal. *See Quitoriano v. Raff & Becker, LLP*, 675 F. Supp. 2d 444, 453-54 (S.D.N.Y. 2009) (granting motion to dismiss with prejudice *pro se* complaint that did not alleged defendant employed fifteen or more employees in ADEA and analogous Title VII context). M&S did not employ fifteen employees during any twenty calendar weeks in 2010, 2011 or 2012, and Smith did not allege facts to the contrary. Therefore, Smith's ADEA and ADA claims must be dismissed.[6]

Finally, Smith's claims against the individual defendants[7] must be dismissed, since neither the ADEA nor the ADA imposes individual liability. *See, e.g., Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (affirming dismissal of *pro se* ADEA claim against individuals since the ADEA does not subject individuals "even those with supervisory liability over the plaintiff, to personal liability"); *Shallow v. Scofield*, No. 11 Civ. 6028, 2012 WL 4327388, at *5 n.3 (S.D.N.Y. Sept. 21, 2012) (pro *se* plaintiff's ADA claim against individual defendants invalid as matter of law since ADA does not impose liability on individuals).[8]

Defendants also intend to seek an order precluding Smith (individually or through any entity he controls) from filing an amended complaint or instituting any new federal action against Defendants or their agents absent your Honor's approval. *See In re Martin-Trigona*, 9 F.3d 226 (2d Cir. 1993). Smith filed (individually and through an LLC he controls) five cases against Cantor Fitzgerald, Mr. Lutnick and his agents (including Mr. Weller) in New York County Small Claims Court in 2011 and 2012 based on the same factual allegations at issue here, all of which were dismissed. These are among the more than *fifty* Small Claims Court actions Smith brought (individually and through his LLC) in 2011 and 2012, primarily against notable individuals for failing to hire candidates Smith identified for domestic staff positions.[9] Smith's vexatious litigation led the Small Claims Court to bar him from filing new suits absent court

---

[6] Similarly, the ADEA and ADA only apply to employers "engaged in an industry affecting commerce," with commerce referring to interstate commerce. 29 U.S.C. § 630(b), 42 U.S.C. § 12111(5)(A), 29 U.S.C. § 630(g), 42 U.S.C. § 12111(7), 42 U.S.C. § 2000e(g). M&S, which solely employs domestic staff within New York, does not meet this requirement and therefore the Court has no subject matter jurisdiction over ADEA or ADA claims against it. *See Mangini v. Bellvue Maternity Hosp., Inc.*, No. 01 Civ. 1775, 2002 WL 31677043, at *2-3 (N.D.N.Y. Sept. 26, 2002) (dismissing Title VII claim with same "industry affecting commerce" requirement for lack of subject matter jurisdiction because "small, intrastate, not-for-profit" hospital with "some contacts with interstate commerce" did not satisfy requirement).

[7] Mr. Weller has not yet been served with the summons and complaint, but will move to dismiss all claims against him with prejudice on the grounds set forth herein if he is served properly.

[8] Smith does not assert claims against the individuals in their representative or official capacities, and not all Defendants have such roles with M&S.

[9] Defendants included Stephen Schwarzman, Alice Tisch, Ronald Perelman, Rupert Murdoch, Barry Diller, Leonard Blavatnik, Noreen Buckfire, and Susan Weber Soros. *E.g.*, Case Nos. 2011-1480, 2011-3003, 2011-3004, 2011-3706, 2012-736, 2011-1478, 2012-737, and 2012-1423.

approval.[10] Now, Smith appears to be continuing his pattern of using the judicial system to attempt to extract settlements for spurious claims in federal court.[11] Indeed, Smith has indicated that he plans to file an additional federal suit against Cantor Fitzgerald based on the same facts at issue in the instant matter.

For the foregoing reasons, Defendants request a pre-motion conference.

Respectfully submitted,

*Jennifer A. Mustes*
Jennifer A. Mustes

cc: Adrian Barrie Smith, *pro se* plaintiff (by Email and FedEx, with unpublished cases)

---

[10] *See* Andrew Ross Sorkin, *Headhunter for the Rich Turns On Them*, N.Y. TIMES, June 18, 2013, at B1, *available at* http://dealbook.nytimes.com/2013/06/17/headhunter-for-the-rich-turns-on-them/. In addition to filing vexatious lawsuits against his former clients, Smith pled guilty to harassing one and was convicted of harassing and stalking another following a jury trial. New York County Criminal Court Case Nos. 2011NY023116, 2010NY076014. Courts can consider public records in deciding a motion to dismiss. *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

[11] *See* Complaint, No. 13 Civ. 3491 (Smith's May 2013 complaint against Noam Gottesman alleging "1964 Civil Rights Act Broken. Employment Discrimination"); Complaint, No. 13 Civ. 4211 (Smith's June 2013 complaint against Jerry and Jessica Seinfeld alleging "1964 Civil Rights Act Broken. Age Discrimination. Employment Discrimination"). Smith filed at least two suits (individually and through his LLC) against Mr. Seinfeld in Small Claims Court. Case Nos. 2012-1841 and 2012-30182/2.